J-S41012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDRAS CARRASQUILLO | : | |
| | : | |
| Appellant | : | No. 81 MDA 2020 |

Appeal from the PCRA Order Entered December 16, 2019,
in the Court of Common Pleas of Lebanon County,
Criminal Division at No(s): CP-38-CR-0001763-2016.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED NOVEMBER 25, 2020**

Edras Carrasquillo appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").   42 Pa.C.S.A. §§9541-46.   Additionally, Carrasquillo's court-appointed PCRA counsel has filed a motion for leave to withdraw from representation, as well as a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).   We grant counsel's motion to withdraw and affirm the PCRA court's order denying post-conviction relief.

The PCRA court summarized the pertinent facts as follows:

> On May 10, 2016, Officer Kevin Snavely of the Lebanon City Police Department was dispatched to Apartment D-102 of the Lebanon Court Apartments.   Upon arrival, he saw the

---

[*] Retired Senior Judge assigned to the Superior Court.

bullet-ridden body of [the victim] located face down in the living room of the apartment. Police also found a large amount of drugs, drug paraphernalia and cash inside the apartment.

Kelsey Santana was identified as a witness to the shooting. Ms. Santana stated that she was present when [Carrasquillo] discussed a drug transaction with [the victim]. She stated that at one point, [the victim] laid down on a blanket. [Carrasquillo] pulled a gun. It jammed. [Carrasquillo] then replaced the magazine and proceeded to shoot [the victim] in the head and the back multiple times.

After [Carrasquillo] left the apartment, Ms. Santana called 911. Using a photographic line-up, she identified [Carrasquillo] as the shooter. Ms. Santana indicated that [Carrasquillo] left his phone inside the apartment. It was seized by police. Detective William Walton accessed information on the phone and ascertained `[Carrasquillo's] name[.]

On May 12, 2016, [Carrasquillo] appeared at the Lebanon City Police Department. He was interviewed. In his interview, [Carrasquillo] acknowledged that he had shot [the victim]. However, he stated that [the victim] had threatened him with a knife. Later in the interview, [Carrasquillo] changed his story. He stated that he had smoked dope that day and was intoxicated.

When the scene of the homicide was processed, police did not find a knife anywhere in the vicinity of [the victim's] body. Ms. Santana testified that she did not perceive [Carrasquillo] to be intoxicated. Moreover, Ms. Santana did not observe [Carrasquillo] using or ingesting drugs.

PCRA Court Opinion, 12/18/19, at 2-3.

Police arrested and charged Carrasquillo. On December 7, 2017, a jury convicted him of first-degree murder, third-degree murder and a firearm violation. On September 24, 2018, the trial court imposed an aggregate sentence of life in prison and a consecutive term of four to ten years of

imprisonment. Carrasquillo filed a post-sentence motion which the trial court denied.

Carrasquillo filed a timely appeal to this Court. In an unpublished memorandum filed on April 12, 2019, we rejected Carrasquillo's appellate issue and affirmed his judgment of sentence. *See Commonwealth v. Carrasquillo*, 216 A.3d 379 (Pa. Super. 2019). Carrasquillo did not seek further review.

On July 9, 2019, Carrasquillo filed a *pro se* PCRA petition. The PCRA court appointed counsel, and, on October 10, 2019, PCRA counsel filed an amended petition, in which Carrasquillo set forth two claims of trial counsel's ineffectiveness; counsel's failure to file a motion to suppress both the alleged warrantless seizure of his cell phone and the confession he gave to police. The PCRA court held an evidentiary hearing on December 5, 2019. Prior to the commencement of testimony, PCRA counsel informed the court that Carrasquillo was withdrawing the claim involving his cell phone because a valid search warrant had been issued. Thus, the PCRA court heard testimony only with regard to the failure to seek suppression of his confession. Carrasquillo presented his own testimony, as well as testimony from his mother. The Commonwealth presented trial counsel's testimony, as well as testimony from the police officer who recorded Carrasquillo's confession. By order entered December 16, 2019, the PCRA court denied Carrasquillo's amended PCRA petition. This timely appeal followed.

On January 7, 2020, the PCRA court directed Carrasquillo to file, pursuant to Pa.R.A.P. 1925(b), a concise statement of errors complained of on appeal. PCRA counsel filed a timely statement of his intention to file a **Turner**/**Finley** Brief.[1] In its Rule 1925(a) opinion, the PCRA court referred this Court to its prior December 16, 2019 memorandum in which it explained its reasons for denying post-conviction relief.

This Court then issued a briefing schedule. On January 14, 2020, counsel filed an application to withdraw pursuant to **Turner**/**Finley**, **supra**, as well as a brief in support of his determination that Carrasquillo had no non-frivolous issues to raise. Carrasquillo has not filed a response.

Among the other issues raised in the **Turner**/**Finley** brief,[2] PCRA counsel addresses the PCRA court's rejection of Carrasquillo's claim that trial counsel was ineffective for failing to file a motion to suppress his confession to police. Prior to considering this claim, however, we must address PCRA counsel's petition to withdraw.

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc). Rather than filing a no-merit letter, PCRA counsel has filed a brief that actually satisfied the stricter requirements to withdraw on direct appeal, pursuant to **Anders v. California**, 386 U.S. 738 (1967). Nonetheless, we will review his motion to withdraw in accordance with **Turner**/**Finley**, **supra**. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

[2] PCRA counsel also addresses other issues more akin to an **Anders** analysis. The Commonwealth correctly notes that these issues are waived because they were not presented to the PCRA court. **See** Commonwealth's Brief at 23-28.

Pursuant to **Turner/Finley**, **supra**, before seeking leave to withdraw, a criminal defendant's counsel must independently review of the record to determine if any meritorious issue exists. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that such independent review by counsel requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

**Id**. (citation and brackets omitted). Further, PCRA counsel seeking to withdraw from representation in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (1) a copy of both the "no-merit" letter, and (2) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. **Commonwealth v. Muzzy**, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Upon review, we conclude that PCRA counsel has substantially complied with the **Turner/Finley** requirements as set forth above. **See**

*Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria). We now independently review Carrasquillo's claim to ascertain whether it entitles him to relief.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Carrasquillo's claim alleges the ineffective assistance of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her

action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

"The failure to file a suppression motion under some circumstances may be evidence of ineffectiveness assistance of counsel." ***Commonwealth v. Watley***, 153 A.3d 1034, 1044 (Pa. Super. 2016)(citation omitted). "However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move." ***Id.*** "The defendant must establish that there was no reasonable basis for not pursuing the suppression claim and if the evidence had been suppressed, there is a reasonable probability that the verdict would have been more favorable." ***Commonwealth v. Watley***, 153 A.3d 1034, 1044 (Pa. Super. 2016).

Here, Carrasquillo claims his trial counsel should have filed a motion to suppress his confession. As our Supreme Court has summarized:

> There is of course no single litmus-paper test for determining a constitutionally impermissible interrogation. Rather, the ultimate test of voluntariness is whether the confession is the product of an essentially free and unconstrained choice by its maker. If it is, if he has willed to confess, it may be used against him. If it is not, if his will had been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process. Thus, we must consider the totality of the

circumstances, including the accused's mental and physical condition.

***Commonwealth v. Johnson***, 107 A.3d 52, 93 (Pa. 2014) (quotation marks and citations omitted).

The PCRA court found Carrasquillo's self-serving testimony to be unworthy of belief. The court explained:

> "It was constantly evolving." These are the words used by [Carrasquillo's trial counsel] to tactfully describe his client's rapidly changing positions regarding the shooting death of [the victim]. After listening to a plethora of testimony via [Carrasquillo's PCRA] claim, this [c]ourt will be somewhat more blunt: [Carrasquillo] consistently made things up based upon what he perceived would be in his best interest at the time. For reasons that we will articulate in more detail below, and because we conclude that [Carrasquillo] has absolutely zero credibility, we will be denying [his] PCRA claims.

PCRA Court Opinion, 12/16/19, at 1. The PCRA court then detailed the reasons underlying its conclusion as follows:

> Even after soliciting an Amended PCRA Petition, and even after asking for clarification at the outset of the PCRA Hearing, we are still somewhat confused about the nature of [Carrasquillo's] claim. As best as we can discern, [Carrasquillo] claims that his statement to police should be suppressed because he was high on cocaine, ecstasy and marijuana. In addition, [Carrasquillo] claims that he was "forced" to make a statement. At first, he blamed the police for the coercion. Later, he stated that he was forced to confess by someone named Eric Sanchez. Regardless of the details, all of [Carrasquillo's] claims are built upon the foundation of his own credibility. Because we find that [Carrasquillo's] credibility is more suspect than swampy quicksand, we cannot give any credence to the claims he now proffers.

Almost from the moment after he killed [the victim], [Carrasquillo] proffered various claims to rebut his own responsibility. He initially told police that he was threatened by [the victim] with a knife. When confronted with the fact that [the victim] was found face down without any knife in the vicinity, [Carrasquillo] then changed his defense to one of intoxication. Even in conversations with his own lawyer, [Carrasquillo's] version of what occurred "constantly evolved." According to [trial counsel], [Carrasquillo] at times proclaimed "I was threatened," he at times stated "I did it but I was high" and at other times he indignantly offered "I did not do it." At his trial, [Carrasquillo] testified that he was high on [ecstasy] and other drugs. [He] acknowledged at trial that he gave police a false statement about his intent to rob [the victim]. He claimed that he went to the victim's apartment to smoke dope, but he became "paranoid" because of a mental health disorder and his use of drugs. He then stated that he "blacked out." However, he also remembered shooting [the victim] ten (10) times because he felt "threatened" due to his paranoia.

At the PCRA Hearing, [Carrasquillo] for the first time blamed an individual by the name of Eric Sanchez. He testified that Mr. Sanchez instructed him to confess to shooting [the victim]. He also stated that Mr. Sanchez threatened to shoot [his] family if [Carrasquillo] did not take the blame for the homicide. At no time during his recorded statement to police did [Carrasquillo] mention Eric Sanchez. At no time during his discussions with [trial counsel] did [Carrasquillo] accuse Eric Sanchez of threatening his family. At no time during his testimony at trial did [Carrasquillo] even mention Eric Sanchez. Even post-trial letters sent by [Carrasquillo] to [trial counsel] did not implicate Eric Sanchez in the homicide or the false confession.

In the event it is not already crystal clear, this [c]ourt wishes to definitively proclaim that it does not afford [Carrasquillo] with any credibility whatsoever. On the basis of the record before us, we conclude that [Carrasquillo] lies frequently about matters great and small. He has absolutely zero credibility with this [c]ourt. For this reason alone, [Carrasquillo's] PCRA [petition] must be denied.

PCRA Court Opinion, 12/16/19, at 7-9 (footnote omitted).

As the record supports the PCRA court's credibility determination, the determinations are binding on this Court. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011). **See also Commonwealth v. Battle**, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court).

In addition, the PCRA court found Carrasquillo's ineffectiveness claim to be without merit because he could not establish prejudice given the other evidence introduced by the Commonwealth and Carrasquillo's defense at his trial. The court summarized this evidence: 1) the eyewitness identification testimony of Kelsey Santana; 2) Carrasquillo's cell phone was found inside the victim's apartment; and 3) the circumstances surrounding Carrasquillo's interview with police. Moreover, the jury rejected Carrasquillo's claim at trial that his voluntary intoxication negated a specific intent to kill. **See** PCRA Court Opinion, 12/16/19, at 9-10. After reviewing the record, we agree that Carrasquillo's ineffectiveness claim fails because he could not establish prejudice.

In sum, because the record supports PCRA counsel's determination that Carrasquillo's ineffectiveness claim lacks merit, we grant PCRA counsel's motion to withdraw, and affirm the PCRA court's order denying him post-conviction relief.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/25/2020</u>